# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LONG,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　　Defendants. | Case No.: 1:18-cv-00563-SAB (PC)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>[ECF No. 1] |

Plaintiff Keven Long is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is a civil detainee housed at the Atascadero State Hospital.

Currently before the Court is Plaintiff's complaint, filed April 26, 2018.

**I.**

**SCREENING REQUIREMENT**

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of in forma pauperis proceedings which seek monetary relief from immune

1

defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma pauperis complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim). The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff names the State of California, Atascadero State Hospital, Stanislaus County Jail, and Stanislaus County Superior Court, as Defendants.

Plaintiff contends that it is his religious belief that Jesus Christ has made "us" Christian Kings which enables "us" to rule over the world. Plaintiff asks that himself and fellow Christians be given the right to rule the world. Plaintiff contends he is in imminent danger of serious physical injury because he has Hepatitis C and is in need of treatment.

2

Plaintiff requests to be released from custody to his own jurisdiction and be allowed to rule over the world, along with a million dollars for mental and physical injury.

### III.

### DISCUSSION AND ANALYSIS

**A.   Linkage Under Section 1983**

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred."  Crowley v. Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012) (citing Graham v. Connor, 490 U.S. 386, 393-94, 109 S.Ct. 1865 (1989)) (internal quotation marks omitted).  To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights.  Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

**B.   Free Exercise of Religion**

Civil detainees retain the protections afforded by the First Amendment, including the right to freely practice their religion.  See O'Lone v. Estate of Shabazz, 482 U.S. 347, 348 (1987) (citations omitted); see also Youngberg v. Romero, 457 U.S. 307, 322 (1982) (holding civilly detained persons must be afforded "more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish").  In order to establish a cause of action under the Free Exercise Clause, Plaintiff must show that a restriction substantially burdened the practice of his religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith.  Shakur v. Schriro, 514 F.3d 878, 884-5 (9th Cir. 2008).

Plaintiff apparently believes that anyone who follows Jesus Christ should be allowed to rule over the world, and Plaintiff requests to be released from custody to his own jurisdiction to rule over the world.  Plaintiff's allegations as "fanciful" and "delusional" legal and factual allegations.  Indeed,

this Court has previously dismissed Plaintiff's identical claim as frivolous. See Long v. Superior Court, Case No. 2:13-cv-01071-EFB (E.D. Cal. July 9, 2013), Doc. No. 8; Long v. United States of America, Case No. 1:13-cv-01228-JLT (PC) (E.D. Aug. 14, 2013), Doc. No. 4. Accordingly, Plaintiff fails to state a cognizable claim.

### C. Denial of Medical Treatment

Plaintiff alleges that he has been denied medical treatment for Hepatis C.

As previously stated, as a civil detainee, Plaintiff's right to medical care is protected by the substantive component of the Due Process Clause of the Fourteenth Amendment. Youngberg, 457 U.S. at 315. To avoid liability, defendants' conduct must be supported by "professional judgment." Id. at 323. A defendant fails to use professional judgment when his or her decision is "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that [he or she] did not base the decision on such a judgment." Id.

In determining whether a defendant has met his or her constitutional obligations, decisions made by the appropriate professional are entitled to a presumption of correctness. Id. at 324. "[T]he Constitution only requires that the courts make certain that professional judgment in fact was exercised. It is not appropriate for the courts to specify which of several professionally acceptable choices should have been made. Id. at 321.

Here, Plaintiff alleges only that he was not provided treatment for his Hepatis C. Plaintiff's limited factual allegations are not sufficiently to clearly state what happened, when it happened or who was involved. Plaintiff's vague and general legal assertion does not state a claim for relief that is plausible on its face. Accordingly, Plaintiff fails to state a cognizable claim for relief based on the denial of medical treatment.

### D. Eleventh Amendment Immunity

Plaintiff names the State of California and Atascadero State Hospital as Defendants. However, the Eleventh Amendment erects a general bar against federal lawsuits brought the state. Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010) (citation and quotation marks omitted). While "[t]he Eleventh Amendment does not bar suits against a state official for prospective relief, Wolfson, 616 F.3d at 1065-66, suits against the state or its agencies are barred absolutely, regardless of the form

4

of relief sought.  Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Buckwalter v. Nevada Bd. of Medical Examiners, 678 F.3d 737, 740 n.1 (9th Cir. 2012).  Thus, Plaintiff cannot bring a claim against the State of California or Atascadero State Hospital.

### E. Municipal Liability

Plaintiff names the Stanislaus County Superior Court and Jail as Defendants.

Plaintiff cannot maintain a municipal liability claim in the absence of an underlying constitutional violation.  Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1021 (9th Cir. 2010).  A local government unit may not be held responsible for the acts of its employees under a *respondeat superior* theory of liability.  Monell v. Department of Social Services, 436 U.S. 658, 691, 98 S.Ct. 2018 (1978); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003*)*; Gibson v. County of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002).  Rather, a local government unit may only be held liable if it inflicts the injury complained of.  Monell, 436 U.S. at 694; Gibson, 290 F.3d at 1185.

Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered."  Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197 (1989).  Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee.  Gibson, 290 F.3d at 1186.  Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation."  Id. Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation."  Id.

Plaintiff has not stated a cognizable claim against the Stanislaus County Superior Court or Jail.

///

///

///

///

## IV.

## CONCLUSION AND ORDER

For the reasons discussed, Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies identified in this order, if he believes he can do so in good faith. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint;
3. Plaintiff's amended complaint shall not exceed twenty-five (25) pages in length; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated: __**April 30, 2018**__

UNITED STATES MAGISTRATE JUDGE