# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LONG,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　　Defendants. | Case No.: 1:18-cv-00563-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 6] |

Plaintiff Keven Long is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is a civil detainee housed at the Atascadero State Hospital.

Currently before the Court is Plaintiff's first amended complaint, filed May 7, 2018.

## I.

## SCREENING REQUIREMENT

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of in forma pauperis proceedings which seek monetary relief from immune

1

defendants); <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma pauperis complaint under 28 U.S.C. § 1915(e)); <u>Barren v. Harrington</u>, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim).  The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint.  <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.  <u>Iqbal</u>, 556 U.S. at 678.  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"  <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 557).  Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged.  <u>Iqbal</u>, 556 U.S. at 678.

## II.
## COMPLAINT ALLEGATIONS

Plaintiff names Jesus G. (Unit Supervisor at Atascadero State Hospital) and S. Price (Executive Director at Atascadero State Hospital), as Defendants.

Plaintiff presents a challenge for freedom of religion.  Plaintiff contends that "God has made me free – politically independent like California."  "I'm being dignified my god given freedom."

///
///

# III.

# DISCUSSION AND ANALYSIS

## A. Free Exercise of Religion

Civil detainees retain the protections afforded by the First Amendment, including the right to freely practice their religion. See O'Lone v. Estate of Shabazz, 482 U.S. 347, 348 (1987) (citations omitted); see also Youngberg v. Romero, 457 U.S. 307, 322 (1982) (holding civilly detained persons must be afforded "more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish"). In order to establish a cause of action under the Free Exercise Clause, Plaintiff must show that a restriction substantially burdened the practice of his religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. Shakur v. Schriro, 514 F.3d 878, 884-5 (9th Cir. 2008).

Plaintiff fails to state a cognizable claim for relief. Plaintiff provides no factual details whatsoever to support his claim that he is being denied the right to freely exercise his religion. The Court notes that in the original complaint, Plaintiff alleged that that anyone who follows Jesus Christ should be allowed to rule over the world, and Plaintiff requested to be released from custody to his own jurisdiction to rule over the world. (Compl. at 3, ECF No. 1.) The Court found that Plaintiff's allegations were "fanciful" and "delusional" legal and factual allegations. Indeed, this Court has previously dismissed Plaintiff's identical claim as frivolous. See Long v. Superior Court, Case No. 2:13-cv-01071-EFB (E.D. Cal. July 9, 2013), Doc. No. 8; Long v. United States of America, Case No. 1:13-cv-01228-JLT (PC) (E.D. Aug. 14, 2013), Doc. No. 4. Despite guidance from the Court as to the applicable legal standard, Plaintiff has failed to clarify his First Amendment claim and fails to present a plausible basis to grant relief.

Based upon the allegations in Plaintiff's original and first amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for cruel and unusual punishment in violation of the Eighth Amendment, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may not deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000);

3

Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant action be dismissed for failure to state a cognizable claim for relief, without further leave to amend; and

2. The Clerk of Court randomly assign a District Judge to this action.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 9, 2018**

UNITED STATES MAGISTRATE JUDGE